Application for Certificate of Incorporation of Jiggs Nut Club, Inc.

Supreme Court, Kings County, January 21, 1932.

*A. Jerome Lukins*, for the petitioner.

Dike, J. The approval of this court is asked to a proposed certificate of incorporation of " Jiggs Nut Club, Inc." The application is made pursuant to the Membership Corporations Law. It is properly presented to this part of the Supreme Court, Special Term, Part II, being under rule 14 of Calendar Rules of the Supreme Court, Second Judicial District for 1932.

The purposes for which the membership incorporation is to be formed, as set forth in the proposed certificate, is " to foster, develop and cultivate a spirit of fraternity, sociability and good fellowship among its members." The territory to be covered is extensive — " no pent up Utica contracts its powers," because the territory mentioned in the proposed certificate is " all of the States, Territories, Colonies and Dependencies of the United States." There is a serious obligation resting upon this court, to prevent the adoption of a name for a corporation that shall be inappropriate, vulgar, lacking in dignity or tending in any way to cast reflection upon the appointing power.

In the present instance I have no doubt that there was conscientious cogitation by the interested group who, present this petition, the result of which was the adoption of this particular name, " Jiggs Nut Club, Inc." I have no doubt that the proposed board of directors, four men and one woman, believe that they have exercised care in the selection of this name, but the law does not always favor the conclusion, or judgment or the selection of interested parties in matters of this kind. And here we have recourse to a Latin motto, " *nemo unquam judicet in se*," which

rather indicates in concrete form that no one can properly be trusted to render a decision in his own case.

I do not wish to be considered captious by the five constituting the board in any criticisms that I may make. My comments are not casual, but are serious and arise from the name proposed and my reaction to such a name. I do not wish the proposed board to believe that I am jumping to a conclusion in any decision I may make.

The Latin maxims frequently contain in their brief and pithy form a clear definition of a rule that fits the particular case. Thus, "*nihil nequam est præsumemdum.*" Another Latin maxim that might be appropriately applied is "*novitas non tam utilitate prodest quam novitate perturbat,*" " that which is new or novel does not benefit so much by its usefulness, as it disturbs by its novelty." There is certainly the novelty in this instance. It would seem, indeed, as though resort here had been made to the *extraordinary*, when the selection of a more graceful and gracious name would have better served the purpose.

This name, in my judgment, at once attracts attention to itself by its startling possibilities. This name is the particular asset of this organization, as they consider it. A name is, as it were, the distinguishing mark of a thing, "*nomen est quasi rei notamen.*" Or, as another maxim has it, buttressing the same idea, "*nomina sunt notæ rerum.*" And so we know that marks or names of things are symbols. The maxims seems to be *contra* to the application.

As to the word "Jiggs," that may have some local significance to the members of the organization. It certainly is not one that would appeal to the spirit of good taste of this country, it seems to me, throughout the huge territory sought to be covered by this organization.

The word "nut" is peculiarly liable to attack, or at least to misunderstanding, in any event. Those who are in touch with the slang of the day might realize that "nut," as applied to a person, contains the dangerous suggestion of mental disturbance. We hear the phrase applied to a person whose sanity is seriously questioned, as that person is "nutty."

It would reflect, it seems to me, upon the dignity of the Empire State if the "Jiggs Nut Club, Inc.," should seek to rally to its membership those "in all of the States, Territories, Colonies and Dependencies of the United States."

Therefore, after mature consideration, and with all presumptions favorable to the application being carefully considered, I shall deny the application on the ground that the name is not an appropriate or dignified name for a membership corporation.

*Verbum sap.*