Charles A. Loreto, J.
A certificate of incorporation of the “ United Cadet Association, Inc.” has been submitted for approval pursuant to article 2 of the Membership Corporations Law. The purposes of the proposed corporation are:
1. To develop the character and usefulness of its members and to improve their spiritual, mental, social and physical condition.
2. To promote friendship among the members, to inculcate in them a high sense of loyalty to each other, to stimulate their intellectual advancement and to hold meetings and social gatherings for the better realization of such purpose.
3. To provide for mutual assistance, enjoyment, entertainment and improvement of its members socially and physically by encouraging them to participate in forms of athletic and physical recreation.
That the objectives of the proposed corporation are commendable and its sponsors well intentioned is conceded. But mere legality of aims is not sufficient for judicial sanction as a matter of course. By reason of the ex parte nature of an application of this kind, it is incumbent upon a Justice considering it to draw freely upon his own knowledge and experience as well as other sources of information available to assist him in the proper exercise of his discretion. Thus an examination of leading lexicons reveals the most common definition of “ cadet ” to be “ a pupil in a military or naval school ”. (Funic and Wag-nails New Standard Dictionary; Webster’s New International Dictionary [3d ed.]; see, also, Black’s Law Dictionary [4th ed.]; *958 Bouvier’s Law Dictionary [Rawle’s 3d rev.].) The term, is also commonly used to describe a younger son or brother, especially in England, and to categorize those who enter into a trade or profession, generally without pay, for the purpose of gaining experience thereby. (Webster’s, supra.)
It does not appear that the proposed organization will be military in character, or that its membership will conceivably come within any of the other definitions cited. That being the ease, it is the court’s opinion that the use by this group of the name ‘ ‘ cadet ’ ’ would be misleading and should not be permitted. (Matter of F. D. R. Social & Civic Club, 185 Misc. 1015.)
Moreover, it is pointed out by Funk and Wagnalls that in New York parlance the term also refers to one who lives illicitly with a woman and subsists on her earnings, as well as one who procures and seduces for offensive purposes. In light of this local connotation of the term, the use of this term, although the declared purpose is not such, by the proposed organization would offend dignity and good taste. (Matter of Jiggs Nut Club, 142 Misc. 762.)
The court is aware that there exists on a national basis an organization known as the Sea Cadets. However, this group wears military-type uniforms, drills, trains and is dedicated to general naval purposes. The use of the word “ cadet ” by that organization is appropriate and consistent with its activities. Moreover, for the proposed organization the term is inappropriate and can be misleading and offensive.
For the foreg’oing- reasons, the application is denied.