Donald S. Taylor, J.
This is an application for the approval
of a certificate of incorporation pursuant to section 10 of the Membership Corporations Law. Approval of the court involves not simply the performance of a ministerial act but rather the exercise of a judicial function to decide whether the special privilege of a corporate charter should be granted or conferred under all the circumstances surrounding the application. (Matter of Council of Orthodox Rabbis, Inc., 10 Misc 2d 62.)
The objectives of the proposed corporation are: “ (a) To promote, cultivate and foster public understanding of the insurance industry, insurance contracts and the meaning of insurance, (b) To improve the public attitude toward the processing of claims against persons insured, or against insurance companies, *1094 and, with respect to such claims, to promote an appreciation of the duties and obligations of insurance companies and of the person making a claim, (c) To collect, correlate and otherwise organize and accumulate data, statistics and any informative material about the insurance industry and to publish, distribute and disseminate through the press, radio, periodicals, motion pictures and all media; data, reports, surveys and other material relating to the insurance industry, (d) To establish meetings, classes and forums for the purpose of informing persons employed by the insurance industry, and others, in the various aspects of the insurance industry, (e) To promote and arrange for public and private meetings for the discussion and dissemination of information about, the insurance industry, (f) To promote, encourage and cultivate within the insurance industry a professional attitude and elevate the standard of integrity, honor and courtesy among peisons engaged in all phases of the insurance industry.”
These purposes are too general and vague. They accommodate more easily to business activity and commercial enterprise than to membership corporate objectives. Such of them as would permit the communication of information and advice in respect to the meaning of policy contracts and the duties and obligations imposed thereby on the parties thereto conceivably might invade also the professional field of the practice of the law. Moreover, no necessity for the requested corporate activity under sanction of the Membership Corporations Law is offered and none readily presents itself. Nor is there any indication that this applying group has any facilities or abilities to attain the objects delineated in the proposed certificate. Accordingly, the application is denied. (Matter of United Cadet Assn., Inc., 13 Misc 2d 957; Matter of Council for Small Business, Inc., 155 N. Y. S. 2d 530; Matter of Stillwell Political Club, Inc., 109 N. Y. S. 2d 331, 333; Matter of Oil Burner Council of Greater N. Y., 72 N. Y. S. 2d 873.)