T. Paul Kane, J.
In this proceeding pursuant to article 78 of the CPLR, petitioner seeks a judgment directing the Secretary of State of the State of New York to accept for filing its certificate of incorporation pursuant to the provisions of the Not-For-Profit Corporation Law.
On or about October 16, 1970 petitioner submitted its certificate directly to the Secretary of State, there being no requirement for prior approval by a Justice of the Supreme Court (Not-For-Profit Corporation Law, § 404, subd. [a]; § 201, subd. [b]). Thereafter and on or about November 5,1970, the proposed certificate was returned under the direction of the Secretary of State advising petitioners their certificate was not in an acceptable form for filing because of the connotation of the words in the proposed name of the corporation and, furthermore, its purposes sought to promote activities contrary to the public policy of the State of New York and specific provisions of its Penal Law.
The purposes set forth in the proposed certificate of incorporation provide in part as follows:
“ (a) To safeguard the rights guaranteed homosexual individuals by the constitutions and civil rights laws of the United States and the several States, through peaceful petition find assembly and non-violent protest when necessary.
“ (b) To speak out on public issues as a homosexual civil rights organization, working within the framework of the laws *457 of the United States and the several States, but vigilant and vigorous in fighting any discrimination based on sexual orientation of the individual.
“ (c) To work for the repeal of all laws regulating sexual conduct and practices between consenting adults.
“ (d) To work for the passage of laws ensuring equal treatment under the law of all persons regardless of sexual orientation.
“(e) To instill in homosexuals a sense of pride and self-worth. “(f) To promote a better understanding of homosexuality among homosexuals and heterosexuals alike, in order to achieve mutual respect, understanding and friendship.
“(g) To hold meetings and social events for the better realization of the aforesaid purposes enunciated in (a) through (f) inclusive, above, and t'o achieve, ultimately, the complete liberation of homosexuals from all injustices visited upon them as such, that they may receive ultimate recognition as free and equal members of the human community.”
In support of their position petitioners contend that their primary function is to work for the repeal of those laws that offend them, but not to advocate the breaking of any law. Furthermore, they allege there is no legal prohibition to the use of the word (« gay > nor is it obscene by any legal standard, but is a word in wide use to denote homosexuality. Consequently, the action of the Secretary of State is arbitrary and capricious and in violation of their constitutional rights (Matter of Association for Preservation of Freedom of Choice v. Shapiro, 9 N Y 2d 376).
It is the contention of the respondents, on the other hand, that since the Secretary of State is the only public official to determine whether or not the privilege of incorporation should be granted, his decision in determining the legal conformity of a certificate is vested with the usual judicial discretion, in the absence of an abuse of which, his decision is conclusive.
The thrust of respondents’ argument is centered upon the provisions of section 130.38 of the Penal Law, the repeal of which is one of petitioner’s stated purposes. The provisions of section 130.38 were not contained in the recommendations of the Commission on Revision of the Penal Law and Criminal Code, but were added by the Legislature (L. 1965, ch. 1038). Thus the proscription of deviate sexual intercourse became not only the public policy of the State, but was written into the Penal Law by the" Legislature in furtherance of that policy (§§ 130.38; 130.00, subd. 2). While the petitioners argue they seek incorporation to work for the repeal of the above section, among others, their purposes also indicate a desire to further the image of *458 homosexuals “to achieve mutual respect, understanding and friendship
The rights of any person or group thereof, to work for the repeal of any particular legislation is, of course, a proper and lawful purpose. The troublesome posture of the petitioners is that by identifying themselves as a “ homosexual civil rights organization”, they are professing a present or future intent to disobey a penal statute of the State of New York, namely section 130.38 of the Penal Law. While the court has no personal experience upon which to rely, it would seem that in order to be a homosexual, the prohibited act must have at some time been committed or at least presently contemplated. It would therefore follow that the Secretary of State properly refused to provide the petitioners with ‘' the imprimatur of incorporation ’ ’ in the legitimate exercise of his discretion (Matter of Jiggs Nut Club, 142 Misc. 762).
If a lawful purpose is sprinkled with "unlawful activity, a refusal to provide such activity with corporate status cannot be an abuse of discretion. In the final analysis this court is limited to a determination as to whether the respondents’ actions were arbitrary or capricious or an abuse of discretion. Upon the papers before the court, it cannot say that they were. Accordingly, the petition is dismissed.