■ In the Matter of the GAY ACTIVISTS ALLIANCE, Appellant, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Respondent. —Appeal from a judgment of the Supreme Court at Special Term, entered in Albany County on May 24, 1971, which dismissed appellant's petition in a proceeding pursuant to CPLR article 78, seeking review of respondent's denial of incorporation. Appellant's proposed certificate of incorporation pursuant to the Not-For-Profit Corporation Law was rejected by the Secretary of State on the grounds that the name " Gay Activists Alliance " is not an appropriate one and that the purposes of the proposed corporation raise serious questions as to whether it may be formed to promote activities which are contrary to public policy and contrary to the penal laws of the State. Admittedly, appellant is a homosexual civil rights organization. The purposes, as stated in the proposed certificate, are as follows: " (a) To safeguard the rights guaranteed homosexual individuals by the constitutions and civil rights laws of the United States and the several States, through peaceful petition and assembly and non-violent protest when necessary. (b) To speak out on public issues as a homosexual civil rights organization, working within the

framework of the laws of the United States and the several States, but vigilant and vigorous in fighting any discrimination based on sexual orientation of the individual. (c) To work for the repeal of all laws regulating sexual conduct and practices between consenting adults. (d) To work for the passage of laws ensuring equal treatment under the law of all persons regardless of sexual orientation. (e) To instill in homosexuals a sense of pride and self-worth. (f) To promote a better understanding of homosexuality among homosexuals and heterosexuals alike, in order to achieve mutual respect, understanding and friendship. (g) To hold meetings and social events for the better realization of the aforesaid purposes enunciated in (a) through (f) inclusive, above, and to achieve, ultimately, the complete liberation of homosexuals from all injustices visited upon them as such, that they may receive ultimate recognition as free and equal members of the human community." Respondent has the power to refuse to accept the certificate for filing if the formal requirements are not met or the purposes of incorporation are unlawful. Concededly, the formal and procedural requirements have been met. There is no valid reason, in our opinion, for concluding that the name " Gay Activists Alliance " is inappropriate. The word " gay " is not a word proscribed by statute from use in the title of a proposed corporation. (N-PCL § 301, subd. [a], par. [5]; § 404.) Neither is it obscene or vulgar, even though it is considered synonymous with homosexual. As to any consideration of public policy, it has been clearly established by *Matter of Association for Preservation of Freedom of Choice* v. *Shapiro* (9 N Y 2d 376) that the public policy of the State is not violated unless the expressed purposes contained in the proposed certificate are unlawful. Were it otherwise it would, in effect, permit the Secretary of State to impose his personal opinion on what he considers improper conduct. Finally, the remaining reason ascribed by respondent for rejecting the certificate is that the enumerated purposes are unlawful. An examination of the stated purposes reveals that they are not, in and of themselves, unlawful. Generally, they propose to allow assemblage of homosexuals to foster the repeal of certain laws which appellant maintains discriminate against them as a class. It is well established that it is not unlawful for any individual or group of individuals to peaceably agitate for the repeal of any law. On this record we are constrained to conclude that respondent acted arbitrarily in refusing to accept for filing appellant's certificate of incorporation. A corporation is subject to an action for judicial dissolution by the Attorney-General (see N-PCL § 1101). Judgment reversed, on the law and the facts, and petition granted, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur. [66 Misc 2d 456.]